IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTAH REPUBLICAN PARTY,<br><br>                        Plaintiff,<br>v.<br><br>GARY R. HERBERT, in his Official Capacity as Governor of Utah, and SPENCER J. COX, in his Official Capacity as Lieutenant Governor of Utah,<br><br>                        Defendants. | **ORDER**<br><br>Case No. 2:16-cv-00038-DN<br><br>District Judge David Nuffer |

      Rule 41(a) of the Utah Rules of Appellate Procedure provides that "the Utah Supreme Court may answer a question of Utah law certified to it by a court of the United States when requested to do so by such certifying court . . . if the state of the law of Utah applicable to a proceeding before the certifying court is uncertain."[1] The certification order must state (1) the "question of law to be answered," (2) "that the question certified is a controlling issue of law in a proceeding pending before the certifying court," and (3) "that there appears to be no controlling Utah law."[2] This court intends to certify all questions of interpretation of Utah statutes.

      IT IS HEREBY ORDERED THAT:

    1. Within 7 days after an appearance has been entered by attorney for Defendants, the parties must meet and confer;

---

[1] Utah R.App. P. 41(a).

[2] *Id.* 41(c).

2. Within 7 days after the parties have met and conferred, the parties must submit to the court all questions that may be certified to the Utah Supreme Court pursuant to Utah Rule of Appellate Procedure 41(a); and

3. Any arguments against certification must be submitted to the court under the same time frame (within 14 days after an appearance has been entered by attorney for Defendants).

Dated January 19, 2016.

BY THE COURT:

*[signature: David Nuffer]*

David Nuffer
United States District Judge