Charles A. Stormont (11490)
David P. Billings (11510)
**STORMONT BILLINGS, PLLC**
525 East 100 South, #275B
Salt Lake City, UT 84102
Tel:    801-810-7049
        801-448-7085
Charles@stormontbillings.com
David@stormontbillings.com
*Attorneys for Intervenor Utah Democratic Party*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UTAH REPUBLICAN PARTY,<br><br><br>        Plaintiff,<br><br>v.<br><br>GARY R. HERBERT, in his Official<br>Capacity as Governor of Utah, and<br>SPENCER J. COX, in his Official Capacity<br>as Lieutenant Governor of Utah,<br><br>        Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **MOTION TO INTERVENE ON<br>BEHALF OF THE<br>UTAH DEMOCRATIC PARTY<br>AND MEMORANDUM IN SUPPORT<br>THEREOF**<br><br><br><br>Case No. 2:16-cv-00038-DN<br><br>Judge David Nuffer |

Pursuant to Rule 24(b) of the Federal Rules of Civil Procedure, the Utah Democratic Party

(**UDP**), by and through their counsel, hereby moves for the entry of an order granting it leave to

intervene as a plaintiff in the above captioned case and to participate fully in these proceedings,

including the other parties' conference to agree to which questions of state law, if any, the Court

should certify to the Utah Supreme Court pursuant to Rule 41(a) of the Utah Rules of Appellate

Procedure.  A true and correct copy of UDP's proposed complaint is attached hereto as **Exhibit**

**A**.

Rule 24(b) of the Federal Rules of Civil Procedure allows for "Permissive Intervention" by one party who timely moves to intervene and "has a claim or defense that shares with the main action a common question of law or fact." Fed. Rules Civ. Proc. R. 24(b)(1)(B). UDP, having a claim that shares a common question of law and fact with the Utah Republican Party (**URP**), hereby timely moves to intervene in this matter.

As detailed in UDP's proposed complaint, URP has failed to meet the requirements of Utah law, *see* Utah Code §§ 20A-9-101(12)(d); 20A-9-406(4); 20A-9-408, to receive the benefits of being a Qualified Political Party (**QPP**) and therefore should revert to being a Registered Political Party (**RPP**). *Compare* Utah Code §§ 20A-9-101(12) *with* Utah Code § 20A-8-101(4). Defendant Cox has refused to enforce this aspect of Utah's Election Code against his party and as a result violated UPD's First Amendment and Equal Protection rights and its rights under the Utah Constitution.

To the extent the Court determines that the number of signatures a candidate is required to gather under section 20A-9-408 is unconstitutionally high for URP, UDP's rights will be negatively impacted if the Court's ruling does not take into account the differences between how UDP and URP have chosen to treat unaffiliated voters. UDP is a party of openness and inclusion, one which permits unaffiliated voters to vote in its primaries and even run for elective office as UDP's nominee. Despite having a supermajority in both chambers of the Utah Legislature, having its candidates hold every statewide office, and having only its members represent Utah in the United States Congress, URP remains paranoid that non-URP members will somehow influence its primary process and has therefore excluded unaffiliated voters from their process. This fear also permeated URP's flaunting of the plain language of the Utah Election Code by prohibiting its members from gathering signatures if they want to be on the primary ballot.

Defendant Cox has ignored this violation and has stated it will allow his party, URP, to have its proverbial cake and eat it too. UDP simply asks this Court to ensure the Utah Election Code applies equally to all political parties and their candidates, by compelling Defendant Cox to enforce the law and consider URP a RPP.

## RELEVANT FACTUAL BACKGROUND

1.      On or about December 1, 2014, URP filed a complaint challenging certain aspects of a recently enacted set of reforms to Utah's Election Code, commonly referred to as SB 54. *See* Case No. 2:14-cv-00876 at Docket No. 2 (the **First Case**), alleging that particular portions of SB 54 violated URP's rights under the First and Fourteenth Amendments to the United States Constitution. The Constitution Party of Utah (**CPU**) intervened in the First Case, facially challenging the constitutionality of SB54 and made as-applied challenges to certain aspects of SB54.

2.      The plain language of section 20A-9-101(12)(d) requires a Qualified Political Party (**QPP**)[1] to permit its members to choose either gathering signatures, or participating in the convention system, or both to gain access to their parties' primary election ballot. *See* Utah Code §§ 20A-9-101(12)(d); 20A-9-406(3), (4); 20A-9-407; 20A-9-408, 20A-9-409. *See also* Docket No. 2 at ¶ 29.

3.      On or about November 3, 2015, the Court issued its memorandum decision regarding the parties' summary judgment motions in the First Case. *See* Case 2:14-cv-00876-DN-DBP at Docket No. 207.

4.      "Because the URP and the CPU are QPPs," the Court ruled, "they must abide by the provisions applicable to QPPs under SB54." *Id.* at 14.

---

[1] UDP, URP, and CPU each elected to request the LG to designate their party as a QPP.

5. "Because the RPP path is a set of circumstances under which SB54 is valid," the Court concluded, "SB54 is facially constitutional." *Id.* at 31.

6. In striking down the Unaffiliated Voter Provision, *see* Utah Code § 20A-9-101(12)(a), the Court held that "subsection 406 has no constitutional infirmity and adequately replaces the Unaffiliated Voter Provision." *Id.* at 36.

7. In the First Case, CPU also moved for summary judgment that the requisite number of signatures for various public offices candidates needed to gather to reach the primary ballot outlined in section 20A-9-408 (the **Signature Gathering Provision**) is unconstitutional as applied to CPU, arguing that since CPU had only 4,000 members, its gubernatorial candidates could not possibly gather the 28,000 necessary signatures to obtain access to the primary ballot. *See* Case 2:14-cv-00876-DN-DBP, Docket No.163 at 16.

8. The Court denied this portion of CPU's summary judgment motion, concluding that once the Unaffiliated Voter Provision was struck down, "[t]he risks associated with the Signature Gathering Provision no longer exist;" and therefore, "[t]here is no basis to find the Signature Gathering Provision unconstitutional," notwithstanding the fact that "it is impossible at this time for potential CPU candidates to utilize the Signature Gathering Provision to appear on the ballot." *Id.* Docket No. 207 at 34.

9. In the First Case, URP had the opportunity to make an as-applied challenge to the Signature Gathering Provision as CPU had done, either in their motion for summary judgment, or by joining CPU's motion for summary judgment, or at the October 27, 2015 oral argument on the summary judgment motions. After conferring with counsel, URP decided not to assert an as-applied challenge to the Signature Gathering Provision.

10.     Yet in this Second Case, URP is making essentially the same argument that CPU made in the First Case—that the Signature Gathering Provision is unconstitutional as-applied because there are insufficient numbers of URP members in certain Congressional and Utah Legislative districts. *See* Case No. 2:16-cv-00038-DN, Docket No. 2 at ¶¶ 58-69.

11.     Similarly, neither URP nor CPU made an as applied challenge to the constitutionality of Utah Code § 20A-9-101(12)(d) in the First Case, despite having an opportunity do so. *See* Case 2:14-cv-00876-DN-DBP, Docket No. 207 at 37 ("The as-applied constitutionality of the Unaffiliated Voter Provision and the facial constitutionality of SB54 as a whole are the only issues specifically briefed by the parties. The Parties' additional claims are moot because they were relinquished during the hearing on October 27. After being notified that a ruling would likely declare the Unaffiliated Voter Provision unconstitutional as applied on the basis of this record, both the URP and the CPU, after conferring with client representatives and co-counsel, said no other claims would require resolution.").

12.     For over a century, the U.S. Supreme Court has held that a party cannot bring their claims against another in a piecemeal fashion. *See U.S. v. Haytian Republic,* 154 U.S. 118, 125 (1894).

13.     Federal district courts have the authority to dismiss claims for improper claim splitting as part of a court's authority to manage its own docket, conserve judicial resources, and promote the efficient and comprehensive disposition of cases. *See Hartsel Springs Ranch of Colo. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002).

14.     The First Case is final. URP was party to the First Case. URP had the opportunity to raise an as-applied challenge to the Signature Gathering Requirement and to Utah Code § 20A-9-101(12)(d), and yet failed to do so. Accordingly, it is barred under the claim splitting branch of

claim preclusion from belatedly asserting their as-applied challenges in this Second Case. *See id.* at 987 n.1.

16. To the extent the URP is attempting to alter, amend, or otherwise affect the requirements of the Signature Gathering Provision, it is attempting to assert a claim based upon the requirements imposed upon its members, and not the URP itself, for which it does not have standing to assert.

16. On or about November 10, 2015, URP's chairman James Evans wrote to the LG, arguing that their reading of SB54 after the Court struck down the Unaffiliated Voter Provision (which was allegedly informed by statements made by the LG's chief deputy and counsel of record in the First Case) permitted the URP from prohibiting its members from gathering signatures to get on the primary ballot. A true and correct copy of the November 10, 2015 letter is attached as **Exhibit 1** to the proposed complaint.

17. The URP's Constitution and Bylaws do not permit its members to gain access to the ballot by signature gathering, and instead limit its candidate-selection procedures to only the convention method.

18. On or about November 19, 2015, the LG responded to Evan's November 10, 2015 letter explaining why the LG concluded URP's readings of the requirements of a QPP were erroneous. "As such," the LG noted, "I must, and intend to, allow candidates, in a qualified political party, the opportunity to choose between the convention system, gathering signatures, or both. Any objection by a qualified political party to reject candidates who gather signatures will not be sustained by my office." A true and correct copy of the November 19, 2015 letter is attached as **Exhibit 2** to the proposed complaint.

19.     In the November 19, 2015 letter, the LG continued to note that "[w]hile I am the chief elections officer of the state, I am a devoted member of the Republican Party. As you well know, before I became Lieutenant Governor, I was actively engaged in opposition to the Count My Vote petition. I am a proud member of the Republican party, I am a product of the caucus/convention system, and I respect your efforts to protect that system." *See* Ex. 2 at 2.

20.     Despite acknowledging URP's failure to comply with the requirements of a QPP, namely permitting its candidates the choice of gathering signatures and/or participating in the caucus/convention system, the LG has and continues to treat URP as a QPP, rather than a RPP.

21.     UDP did not participate in the First Case, in part, because its Constitution and Bylaws require it to (1) comply with applicable state law, and (2) permit unaffiliated voters to participate in its primaries. UDP also did not choose to participate in the First Case because it is a welcoming and open party that considers permitting participation in the political process one of its core values. Prior to the Court's ruling on the Unaffiliated Voter Provision, UDP amended its Bylaws and Constitution at its 2015 Convention to comply with SB54. True and correct copies of UDP's Constitution and Bylaws are attached to the proposed complaint as **Exhibit 3**.

22.     Because UDP did not participate in the First Case, Utah Code § 20A-9-101(12)(a) still applies to UDP but not to URP. *See* Case 2:14-cv-00876-DN-DBP, Docket No. 215.

23.     Under Utah Code § 20A-9-101(12)(a), UDP must permit unaffiliated voters to (1) sign petitions for UDP candidates attempting to gain access to the primary ballot and (2) vote in UDP's primary elections.

24.     In the event URP's as-applied challenge to Utah Code §§ 20A-9-101(12)(d) and 20A-9-408 is successful, Defendants would lower the number of signatures required for URP's

members gathering signatures but not for UDP's members gathering signatures because Utah Code § 20A-9-101(12)(a) applies to UDP but not to URP.

25.     Should URP's members have a lower number of required signatures than UDP, it would violate UDP's rights guaranteed by the United States and Utah Constitutions.

## ARGUMENT

Rule 24 of the Federal Rules of Civil Procedure requires that a motion to intervene be "timely" made. *See* Fed. Rules Civ. Pro. R. 24(b)(1). URP's complaint in this action was filed on January 15, 2016. *See* Docket No. 2. Defendants' counsel entered their appearance on January 20, 2016. *See* Docket Nos. 8-9. Per the Court's order, parties are not required to meet and confer until January 27, 2016 and the parties shall submit a stipulated set of proposed certified questions to the Court by February 3, 2016. *See* Docket No. 7. The answer is not due until February 12, 2016. *See* DUCivR. 7-1. UDP filed this motion early enough to avoid any undue delay or prejudice to any party in this action.

There is a high correlation of legal and factual issues between UDP and URP and the Constitutional claims asserted by each. Both parties are Utah parties subject to SB54 in general and the QPP requirements in particular given that they have elected to be treated as QPPs. Both have caucus/convention systems that are affected by SB54. Both have candidates who have elected to collect signatures in an attempt to appear on their party's primary ballot. Both complaints have causes of action against Defendants for violation of the parties' Constitutional rights. Further similarities in fact and law can be found by a review of the complaints.

However, there are stark differences between the UDP's and the URP's positions regarding SB54 and none of the parties in this case can adequately represent UDP's interests. UDP permits unaffiliated voters to vote in its primaries and even be its nominees. It should not be placed at a

disadvantage nor should its rights be harmed because URP wants to close its primary process. Defendant Cox is refusing to enforce SB54 against URP despite their failure to comply with Utah Code § 20A-9-101(12)(d). Rather than seek to enforce this requirement, as the UDP does, the URP and Defendants separately seek to circumvent it.

Even assuming arguendo that URP is not precluded from asserting its as-applied challenges to Utah Code § 20A-9-101(12)(d) and the Signature Gathering Provision under the doctrine of claim splitting, UDP will be harmed differently and to a greater degree than URP alleges if the Court's ruling is not applied even-handedly to both parties because of the differences in how the UDP permits candidates to reach its primary ballot. Should the Court reach the issue of the number of signatures a candidate must receive, any ruling that does not apply equally to the UDP and URP would result in harm to the UDP and its Constitutional rights.

The URP's members passed SB54,[2] signed it into law, and are charged with its enforcement. Twice URP has sued its own members and alleged its members are violating its Constitutional rights. As a result, the URP has different motives, different reasons and ability to settle, different levels of determination to prosecute, and different goals in litigation than UDP. URP's civil dispute has twice spilled into this Court. UDP elected to stay out of the prior proceeding because it fully supported SB54's aims of opening up the primary process to unaffiliated voters as UDP's Constitution and Bylaws already permit.

Unfortunately, thanks to its litigious posturing, URP's internal dispute has real world consequences for UDP, the main opposition political party in Utah, and for the uniform application and enforcement of state law, a bedrock principal upon which our republic is based. *See* U.S.

---

[2] While UDP's members voted for SB54, fact remains that the bill could not have passed the Utah Legislature without the support a majority of URP's members in each chamber. Likewise, any legislative solution to the issues raised in this action require the support of a majority of URP's members in each chamber.

CONST., art. IV, § 4, cl. 1.  No state law, particularly a state's election laws, should be applied more favorably to one political party over another. This is especially true when that advantaged party already maintains a supermajority in the state legislature and controls every statewide elected office. Yet currently URP's members are failing to enforce state law, permitting URP to receive the benefits of being considered a QPP while flagrantly violating the requirements of being a QPP.

Under such circumstances, UDP had no choice but to move to intervene in this action to restore its Constitutional rights and to ensure Defendants apply the laws equally to all Utahns, no matter what political party, if any, they choose to join.

## **CONCLUSION**

Based on the foregoing, UDP's motion to intervene should be granted and UDP should be able to fully participate in these proceedings, including participating in determining a stipulated set of questions of state law to certify to the Utah Supreme Court.

DATED this 26th day of January, 2016.

/s/ David P. Billings
CHARLES A. STORMONT
DAVID P. BILLINGS
**STORMONT BILLINGS, PLLC**
*Attorneys for Intervenor Utah Democratic Party*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of January 2016, I caused the foregoing **MOTION**

**TO INTERVENE** to be served upon the following in the following manner.

Christ T. Troupis
**TROUPIS LAW OFFICE PA**
800 East State Street, Suite 50
PO Box 2408
Eagle, ID 83616
(208) 938-5584
Email: ctroupis@troupislaw.com

Marcus R. Mumford
**MUMFORD PC**
405 South Main Street, Suite 975
Salt Lake City, UT 84111
(801) 428-2000
Email: mrm@mumfordpc.com
*Counsel for Plaintiff Utah Republican Party*

David N. Wolf
Parker Douglas
**UTAH ATTORNEY GENERAL'S OFFICE**
Litigation Unit
160 East 300 South, 6th Floor
PO Box 140856
Salt Lake City, UT 84114-0856
(801) 366-0100
Email: dnwolf@utah.gov; pdouglas@utah.gov
*Counsel for Defendants Gary R. Herbert and Spencer J. Cox*


☐      by **E-mail**
☒      by **Electronic Court Filing**
☐      by **Facsimile Transmission**
☐      by **First Class Mail**
☐      by **Hand Delivery**


/s/ David P. Billings