IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTAH DEMOCRATIC PARTY,<br><br>                              Intervenor,<br><br>UTAH REPUBLICAN PARTY,<br><br>                              Plaintiff,<br>v.<br><br>SPENCER J. COX, in his Official Capacity as<br>Lieutenant Governor of Utah,<br><br>                              Defendant. | **MEMORANDUM DECISION AND ORDER DENYING UTAH DEMOCRATIC PARTY'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br><br>Case No. 2:16-cv-00038-DN<br><br>District Judge David Nuffer |

The Utah Democratic Party ("UDP") moves for attorneys' fees and costs based on its position that it is a "prevailing party" in this litigation ("Motion for Fees").[1] Defendant, Lieutenant Governor Spencer J. Cox ("LG") opposes the Motion for Fees ("Opposition").[2] For the reasons stated below, the Motion for Fees is DENIED.

### STANDARD FOR GRANTING ATTORNEYS' FEES AND COSTS

Under 42 U.S.C. § 1988, a district court has discretion to award a "prevailing party" reasonable attorneys' fees. The relevant provision provides:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318 [20 U.S.C. 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C. 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C. 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or section 13981 of this title, *the court, in its discretion, may allow the*

---

[1] Utah Democratic Party's Motion for Attorneys' Fees and Costs and Memorandum in Support Thereof ("Motion for Fees") at 6, docket no. 93, filed May 9, 2016; Reply Memorandum in Support of Utah Democratic Party's Motion for Attorneys' Fees and Costs, docket no. 108, filed May 31, 2016.

[2] Defendant's Memorandum in Opposition to the Utah Democratic Party's Motion for Attorneys' Fees and Costs ("Opposition"), docket no. 101, filed May 24, 2016.

*prevailing party, other than the United States, a reasonable attorney's fee as part of the costs*, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.[3]

There are three requirements under this statute: (1) the action must be to enforce a provision of one of the law enumerated in the statute (42 U.S.C. §§ 1981, 1981a, 1982, 1983, 1985, 1986, 2000bb et seq., 2000cc et seq., 2000d et seq., or 13981; or 20 U.S.C. § 1681 et seq.); (2) the movant must be a "prevailing party;" and (3) the attorney's fee must be "reasonable."

## DISCUSSION

To determine whether UDP is entitled to attorneys' fees, each of the three requirements immediately above will be analyzed in turn.

### 1.   This Action Involves A Law Enumerated in § 1988

In UDP's Complaint, UDP states that "[t]his case is brought pursuant to . . . 42 U.S.C. § 1983 *et seq.*, . . . ."[4] Because § 1983 is one of the laws enumerated in §1988, the first requirement is satisfied.

### 2.   UDP Is Not a "Prevailing Party"

The "prevailing party" requirement is the key issue in this Motion for Fees. For the reasons set forth below, the UDP is not considered a "prevailing party."

"The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute."[5] A "material alteration" occurs when "the plaintiff has succeeded on any significant

---

[3] 42 U.S.C. § 1988(b) (emphasis added).

[4] Complaint of Intervenor Utah Democratic Party ¶ 10, docket no. 20, filed Feb. 4, 2016.

[5] *Tex. State Teachers Ass'n v. Garland Indep. School Dist.*, 489 U.S. 782, 792-93 (1989).

issue in litigation which achieved some of the benefit the parties sought in bringing suit."[6] "[A] plaintiff [must] receive at least some relief on the merits of his claim before he can be said to prevail."[7]

"[I]n considering an intervenor's request for attorneys' fees the district court is obligated to examine the particular role played by the intervenor in the lawsuit."[8] One exception "to the ordinary presumption in favor of granting attorneys' fees to a prevailing party is where, although plaintiffs received the benefits sought in the lawsuit, their efforts did not contribute to achieving those results."[9] "An example is where a lawsuit was filed to achieve an objective that was already being achieved independently."[10] "If a lawsuit is successful, but the intervenor contributed little or nothing of substance in producing that outcome, then fees should not be awarded."[11]

**UDP Did Not Prevail on the Second Question Certified to the Utah Supreme Court**

UDP argues it is a prevailing party for two reasons. First, UDP argues that it is a prevailing party because it "prevailed through the Second Question."[12] The Second Question was a certified question to the Utah Supreme Court which asked what happens to a self-designated QPP if it fails to satisfy the requirements of a QPP under Utah law.[13] The order certifying the question explained that "[d]epending on the Utah Supreme Court's answer to the First Question,

---

[6] *Id.* at 791-92.

[7] *Id.* at 792.

[8] *Donnell v. United States*, 682 F.2d 240, 247 (D.C. Cir. 1982).

[9] *Id.* (internal quotation marks and footnote omitted).

[10] *Id.*

[11] *Id.* at 248.

[12] Motion for Fees at 18.

[13] *Utah Republican Party and Utah Democratic Party v. Lt. Gov. Spencer J. Cox*, 2016 UT 17, ¶ 1 ("If a registered political party (RPP) that has selected to be designated as a Qualified Political Party (QPP) fails to satisfy the requirements of a QPP, must the Lieutenant Governor treat that political party as a RPP under Utah law?").

the additional question now being certified ("Second Question") *may be* 'a controlling issue of law in [this] proceeding.'"[14] The order also stated that the Second Question was being certified "to avoid possible delay" and "avoid a prolonged and inefficient series of events in which the Second Question is not issued until the Utah Supreme Court issues a decision on the First Question . . . ."[15]

The Utah Supreme Court declined to answer the Second Question because it was "purely hypothetical and not ripe for review."[16] The Utah Supreme Court noted that "in essence the Utah Democratic Party has asked us, on a certified question of law, for relief in the nature of an extraordinary writ—to order the Lieutenant Governor to take action based on ambiguous statements of intent by different representatives of the Republican Party. *Such relief, premised on hypothetical future facts, is inappropriate in this procedural setting*."[17]

Considering these facts, the UDP is incorrect that it "prevailed through the Second Question." The Second Question did not change the legal relationships between the parties. The Second Question had no bearing on the Utah Supreme Court's decision and, in fact, the Utah Supreme Court held that any ruling on the Second Question would be "inappropriate in this procedural setting."[18] Accordingly, the Second Question did not result in any relief being granted to the UDP, and there is only speculation about whether the mere presence of the question in the litigation resulted in any change in position by any of the parties. Thus, the UDP's argument that it prevailed through the Second Question is incorrect.

---

[14] Second Memorandum Decision and Order of Certification at 2, docket no. 34, entered Feb. 11, 2016 (emphasis added).

[15] *Id.*

[16] *Utah Republican Party*, 2016 UT 17, ¶ 8.

[17] *Id.* ¶ 11.

[18] *Id.*

**UDP Did Not Prevail on the Signature Gathering Provision or Judicial Estoppel**

Second, UDP argues it is a prevailing party because it "prevailed on the Signature Gathering Provision and Judicial Estoppel."[19] UDP argued that it had to ensure that "one political party [did] not have an advantage over another," so its participation was critical to the underlying action.[20] UDP recognizes that "UDP and the LG were arguably aligned in this regard," but contends that because it "assumed a large measure of responsibility, offering valuable and differing theories that UDP respectfully suggests were of important value to the Court[,]" it should be considered a "prevailing party."[21] UDP argues that the "LG made no effort to protect UDP's rights throughout this litigation, and UDP's need to be involved to preserve those rights is apparent."[22]

Specific examples UDP provides to justify its arguments are that "UDP was the only party to point out that judicial estoppel was inapplicable" and that it was the only party who "initially argued the legal significance of the existence of an alternate route to the ballot."[23] "As a result," UDP argues, "UDP successfully 'advance[d] its own legal rights' to ensure that 'the election laws [apply] equally and consistently as to all political parties so that one political party does not have an advantage over another.'"[24] Distilled, UDP's argument is that since it got what it wanted out of the lawsuit, it is the prevailing party.

UDP is incorrect with respect to judicial estoppel. The ruling on judicial estoppel was primarily based on the fact that the LG had not taken a "clearly inconsistent position" regarding

---

[19] Motion for Fees at 22.

[20] *Id.*

[21] *Id.*

[22] *Id.* at 22-23.

[23] *Id.* at 23.

[24] *Id.* at 24.

the interpretation of a statute.[25] The ruling pointed out that "[t]he parties simply disagree on the proper interpretation" of the statute and that "[a] disagreement regarding interpretation of a statute does not establish that the LG took a 'clearly inconsistent' position in the First Lawsuit."[26] The ruling concluded that "the first factor of the judicial estoppel analysis [was] not satisfied, [and therefore] URP ha[d] failed to carry its burden to establish judicial estoppel."[27] These arguments were first raised by the LG,[28] not UDP.[29] Thus, UDP is incorrect to assert that it was the "only party to point out that judicial estoppel was inapplicable."[30] The LG argued that judicial estoppel was inapplicable as well,[31] and the ruling adopted the LG's arguments.[32]

UDP's original argument with respect to judicial estoppel was that "judicial estoppel . . . is an affirmative defense rather than a cause of action" and therefore it did not apply.[33] While that argument was correct, it was not the basis of the ruling on judicial estoppel. The argument was recognized in the ruling, but was not discussed in any detail. Thus, while UDP ultimately received the relief it desired on the judicial estoppel issue (a prohibition on URP's ability to

---

[25] Memorandum Decision and Order Denying in Part [37] Motion for Judgment on the Pleadings; Denying in Party [38] Motion for Judgment on the Pleadings; Denying [39] Motion for Partial Summary Judgment; Granting Summary Judgment under Rule 56(f) for the LG and Against the URP; and Granting Leave to the UDP to File an Amended Complaint ("75 Order") at 25-27, docket no. 75, entered Apr. 6, 2016.

[26] *Id.* at 28.

[27] *Id.*

[28] Defendant's Motion for Judgment on the Pleadings and Memorandum in Support ("38 LG MJP") at 17, docket no. 38, filed Feb. 12, 2016.

[29] Utah Democratic Party's Motion to for [sic] Judgment on the Pleadings and Memorandum in Support Thereof ("37 UDP MJP") at 2, docket no. 37, filed Feb. 12, 2016 (arguing *only* that judicial estoppel applies because it is an affirmative defense); *see* Utah Democratic Party's Response to Utah Republican Party's Motion for Summary Judgment Regarding Subparagraphs 73(a), (i), and (j) at 26-28, docket no. 44, filed Feb. 19, 2016 (arguing, for the first time and a week after the 38 LG MJP was filed, that the elements of judicial estoppel are not satisfied).

[30] Motion for Fees at 23.

[31] 38 LG MJP at 23 ("Accordingly, judicial estoppel does not apply . . . .").

[32] 75 Order at 25-28.

[33] 37 UDP MJP at 2.

argue judicial estoppel), it was not UDP's argument that formed the basis of the ruling. Thus, UDP was not a "prevailing party" *on the merits* of its judicial estoppel argument.

UDP is also incorrect with respect to its argument that it is a "prevailing party" on the Signature Gathering Provision. UDP's and the LG's objectives were aligned with respect to that provision. They both argued that the existence of an alternate route to the ballot rendered the Signature Gathering Provision constitutional, even though that provision, standing alone, had constitutional infirmity.[34] Both parties discuss *LaRouche v. Kezer*[35] at length for support of that argument.

UDP argues that it prevailed on the Signature Gathering Provision because "[i]t was UDP, not the LG, that initially argued the legal significance of the existence of an alternate route to the ballot."[36] UDP believes its arguments were "instrumental in upholding the Signature Gathering Provision, thereby avoiding a violation of its rights."[37] But the court agrees with the LG that "the LG took and would have taken the same positions in this matter whether UDP intervened in the lawsuit or not."[38]

UDP's arguments must be analyzed through the lens of UDP as an intervenor.[39] The question is whether UDP's participation in the lawsuit materially altered the relationship between the parties.[40] When considering all the circumstances, UDP did not cause such a change. While it

---

[34] Utah Democratic Party's Additional Briefing Regarding Utah Republican Party's Motion for Partial Summary Judgment on Subparagraphs 73(i), (j) at 6-12, docket no. 63, filed Mar. 10, 2016; Defendant's Supplemental Memorandum in Opposition to the Utah Republican Party's Motion for Partial Summary Judgment on Subparagraphs 73(i) and 73(j) of Plaintiff's Complaint at 5-9, docket no. 64, filed Mar. 10, 2016.

[35] *LaRouche v. Kezer*, 990 F.2d 36 (2d Cir. 1993).

[36] Motion for Fees at 23.

[37] *Id.* at 24.

[38] Opposition at 6.

[39] *Donnell*, 682 F.2d at 247.

[40] *Tex. State Teachers Ass'n*, 489 U.S. at 792-93.

is true that UDP's rights were protected and the result UDP desired was ultimately reached, this does not mean that UDP was central to making that happen. As UDP acknowledges, "UDP and the LG were arguably aligned" in their effort to uphold the Signature Gathering Provision and in their judicial estoppel arguments.[41]

### 3.   No Determination Regarding the Reasonableness of Fees is Necessary

Because UDP is not a "prevailing party," the reasonableness of UDP's fees does not need to be determined.

### CONCLUSION

UDP is not entitled to fees and costs because it is not a "prevailing party." UDP did not obtain a judgment against the LG.  UDP's Motion for Judgment on the Pleadings was denied, and UDP stipulated to the dismissal of all of its substantive claims against the LG in an acknowledgement that its claims were moot.[42] The Utah Supreme Court held that the Second Question, which was certified at UDP's request, was "purely hypothetical and not ripe for review."[43] The LG was granted summary judgment under Rule 56(f).[44] Thus, the lawsuit was successfully defended by the LG. Accordingly, UDP cannot be considered a "prevailing party" and is therefore not entitled to attorneys' fees.

UDP's argument that it "should be rewarded for seeking judicial economy and efficiency by intervening" is incorrect.[45] If UDP would have not intervened, but would have waited to see the outcome of this lawsuit, UDP would not have had to file a lawsuit at all because its rights

---

[41] Motion for Fees at 22.

[42] Order Granting Stipulated Motion and Setting Briefing Schedule at 1, docket no. 90, filed May 4, 2016.

[43] *Utah Republican Party*, 2016 UT 17, ¶ 8.

[44] Memorandum Decision and Order Denying [37] Motion for Judgment on the Pleadings; Denying [38] Motion for Judgment on the Pleadings; Denying [41] Motion for Partial Summary Judgment; and Entering Partial Summary Judgment, docket no. 86, filed Apr. 15, 2016.

[45] Motion for Fees at 21.

would have been protected by the ruling in this case. If UDP would have filed a separate lawsuit instead of intervening in this one, that separate lawsuit would have been dismissed based on the rulings in this case. This is evident by UDP's voluntary dismissal of its claims. If UDP brought a separate suit in which it voluntarily dismissed its claims, the traditional rule on fees—that each party is to bear its own fees—would likely have applied. UDP will not be awarded attorneys' fees here simply because it was an intervenor with unsuccessful claims. UDP therefore fails to show how its participation in this lawsuit fostered judicial economy and efficiency.[46]

Furthermore, the positions of UDP and the LG were significantly aligned, with both parties challenging the URP's arguments and defending the constitutionality of the challenged law. Under these circumstances, UDP is not a "prevailing party."

This ruling does not discount the value of parties in intervention or their clarification of arguments, or UDP's work in those roles. But those factors do not justify an award of fees under the statute.

## ORDER

IT IS HEREBY ORDERED that the Motion for Fees[47] is DENIED.

Dated September 12, 2016.

BY THE COURT:

David Nuffer
United States District Judge

---

[46] UDP cites *Exeter-West Greenwich Regional School District v. Pontarelli*, 788 F.2d 47 (1st Cir. 1986), *Bartholomew v. Watson*, 665 F.2d 910 (9th Cir. 1982), and *Osterweil v. Bartlett*, 92 F.Supp.3d 14 (N.D.N.Y. 2015) in support of the proposition that its participation in this lawsuit promoted efficiency. But none of those cases involved an award of fees to an unsuccessful intervenor whose claims were mooted, as was the case here with UDP.

[47] Utah Democratic Party's Motion for Attorneys' Fees and Costs and Memorandum in Support Thereof ("Motion for Fees") at 6, docket no. 93, filed May 9, 2016.